UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES BASKIN,                          :

    Plaintiff,                         :

                                                    CIVIL ACTION NO.

v.                                     :

                                                    1:05-CV-1172-MHS

STEVENS GRAPHICS, INC.,                :

    Defendant.                         :

## ORDER

This employment discrimination action is before the Court on plaintiff's motion to compel and defendant's motion for summary judgment. For the following reasons, the Court denies the motion to compel and grants the motion for summary judgment.

### Background[1]

Defendant Stevens Graphics, Inc. (Stevens), operates printing plants in Atlanta, Georgia, and Birmingham, Alabama, where it prints telephone directories. Plaintiff James Baskin, who is African-American, was employed

---

[1] In his response to defendant's motion for summary judgment, plaintiff does not dispute any of defendant's statement of undisputed material facts. They are therefore deemed admitted. Local Rule 56.1B(2).

AO 72A
(Rev.8/82)

by Stevens in its Atlanta plant from August 11, 1999, until Stevens terminated his employment on May 25, 2004.

Baskin was initially employed as Manager of Support Services, a position in which he performed well. On November 1, 2002, as the result of a reorganization, Baskin was promoted to the newly created position of Finishing Services Manager, a position that combined the duties of his former position with the job of Bindery Manager. According to Baskin's supervisor, Eric Berke, Baskin performed poorly in this position. Baskin does not dispute that the Bindery did not run well under his management, but he claims that this was because of a lack of support and poor performance by others.

In February 2004, Berke gave Baskin a poor performance evaluation, which Baskin disputed in a 75-page "rebuttal." Berke gave Baskin a detailed response and then met with him for approximately an hour to discuss it. Berke also worked with Baskin to try to improve his performance by providing him specific direction, but Baskin disagreed with Berke's direction and did not change his management style.

2

On April 26, 2004, Berke placed Baskin on a performance improvement plan. Baskin failed to meet all the criteria of the performance improvement plan. Accordingly, after consulting with Susan Rasmussen in Human Resources, Berke terminated Baskin's employment on May 25, 2004.

On May 3, 2005, Baskin filed this action alleging that Stevens had terminated his employment because of his race and in retaliation for his complaints to senior management in violation of 42 U.S.C. § 1981. Plaintiff's complaint also contains allegations of pay discrimination and racial harassment. Baskin also asserts a claim under Georgia law for intentional infliction of emotional distress.

## Discussion

I. <u>Motion to Compel</u>

Plaintiff moves to compel defendant to provide further responses to his Interrogatory No. 11 and Document Requests Nos. 2 and 4. The Court denies the motion for the following reasons.

Interrogatory No. 11 asked defendant to "list each and every charge of discrimination that has been filed against Defendant with the EEOC since 1995 alleging race and/or national origin discrimination in regard to employment." Defendant objected that the interrogatory was overbroad and provided a response limited to the last five years and to employees under the supervision of plaintiff's supervisor, Eric Berke. The Court concludes that this was an appropriately limited response and that plaintiff is not entitled to the additional information requested.

Document Request No. 2 sought every document "which Defendant contends is evidence in support of any defense of Defendant to this Complaint." In response, defendant agreed to produce a specified list of documents. Document Request No. 4 requested "a complete copy of the personnel files of James Baskin, Eric Berke, and Susan Rasmussen." Defendant agreed to produce Baskin's personnel file but stated that production of Berke's and Rasmussen's personnel files would be subject to entry of an appropriate protective order.

4

AO 72A
(Rev.8/82)

Plaintiff contends that none of these documents has been produced. It appears from defendant's response, however, which plaintiff does not dispute, that all of the requested documents have now been produced, and that plaintiff's motion to compel was unnecessary. Accordingly, with regard to these requests, plaintiff's motion is moot.[2]

## II. Motion for Summary Judgment

Defendant moves for summary judgment on all of plaintiff's claims. In his response, plaintiff addresses the race discrimination claim but fails to address defendant's arguments with respect to plaintiff's claims of pay discrimination, racial harassment, retaliation, and intentional infliction of emotional distress. The Court deems these latter claims to have been abandoned by plaintiff and accordingly grants defendant's motion for summary judgment as to them.

---

[2] In his response to defendant's motion for summary judgment, plaintiff also contends that defendant has improperly refused to complete the deposition of Eric Berke. However, plaintiff has filed no motion to compel with regard to this claim, so it is not properly before the Court. Furthermore, after a review of the record, the Court concludes that the claim is without merit.

AO 72A
(Rev.8/82)

With respect to the race discrimination claim, defendant argues that plaintiff has failed to make out a <u>prima facie</u> case because the evidence establishes that he was not qualified for the position of Finishing Services Manager, and there is no evidence that plaintiff was treated differently from any employee who was not African-American. Moreover, defendant argues, even if plaintiff could make out a <u>prima facie</u> case of discrimination, the evidence establishes as a matter of law that defendant terminated plaintiff's employment for legitimate, nondiscriminatory reasons, i.e., poor performance, and not because of his race.

In response, plaintiff argues that the evidence establishes that he was qualified for the position of Finishing Services Manager because he was given the position after being rated against the incumbent Bindery Operations Manager pursuant to defendant's internal rating process. Plaintiff also argues that there is evidence of differential treatment because he was terminated largely because of delays in installing new Bindery equipment, but another manager, who is white and who was partly responsible for such delays, was not terminated or otherwise disciplined. Finally, plaintiff argues that there is evidence of pretext because (1) the installation and start-up of

6

the new Bindery equipment was a complicated process requiring the work of, at least, plaintiff, Engineering Manager Tom Michael, and the equipment vendor, but only plaintiff lost his job; and (2) Berke told plaintiff that his primary task was to get the Bindery up and running but at the same time told him he had other responsibilities.

The Court concludes that defendant is entitled to summary judgment. Even assuming that plaintiff has presented sufficient evidence to make out a prima facie case, there is insufficient evidence to support a finding that defendant's proffered reason for plaintiff's termination was a pretext for discrimination. Plaintiff's argument that others were involved in the installation and start-up of the new Bindery equipment amounts to nothing more than an argument that, in his opinion, others should have shared responsibility for his failure. Plaintiff, however, cannot dispute that he was the Finishing Services Manager with ultimate responsibility for running the Bindery, and that the others he points to did not have the same job and responsibilities. There is no evidence that the others he points to similarly failed in the installation and engineering of the new Bindery equipment. Thus, plaintiff's argument is nothing more than his unsupported opinion,

7

which is insufficient to avoid summary judgment. See Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997)("The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of his performance").

Similarly, plaintiff's complaint about his supervisor's assigning him multiple tasks cannot support an inference of discriminatory intent. Whether or not it was poor business judgment to assign plaintiff multiple tasks is irrelevant. Courts do not sit as "super personnel boards" to pass on the wisdom of employers' decisions but must merely search for evidence of discrimination. See Brown v. American Honda Motor Co., 939 F.2d 946, 951 (11th Cir. 1991)("the court's responsibility was not to second guess the wisdom of [defendant's] reasoning, but to determine if the reasons given were merely a cover for discriminatory intent"); Tarrance v. Montgomery Bd. of Educ., 157 F. Supp. 2d 1261, 1263 (M.D. Ala. 2001)("Employers have the freedom to make unwise, unsound, or even irrational decisions, and courts do not sit as super-personnel boards"). No such evidence of discrimination exists in this case.

8

Summary

For the foregoing reasons, the Court DENIES plaintiff's motion to compel [#16], GRANTS defendant's motion for summary judgment [#20], and DISMISSES this action.

IT IS SO ORDERED, this 20th day of June, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia